UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RODERICK D. WILLIAMS,

           Petitioner,

-against-

WARDEN CAMERON LINDSAY,

           Respondent.
----------------------------------------------------------X

**MEMORANDUM
DECISION AND ORDER**

08-CV-1784 (BMC)

**COGAN, District Judge.**

Petitioner Roderick D. Williams, currently incarcerated at the Federal Correctional Institution ("FCI") in Jesup, Georgia,[1] brings this *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition was filed on January 30, 2008 in the United States District Court for the Southern District of New York ("SDNY") and was transferred to this Court by Order dated April 17, 2008. The petition is denied for the reason set forth below.

## BACKGROUND

Petitioner filed this application for habeas corpus relief when he was detained at the Metropolitan Detention Center ("MDC") in Brooklyn. Petitioner alleges that respondent Warden Lindsay failed to transfer him "to his designation ... [in] retaliation due to petitioner naming him in a Bivens action when he was the warden at USP Cannan." Petition at 1. Petitioner further alleges that respondent denied him access to the law library and telephone privileges, including legal calls. Petitioner seeks to "simply be transferred" to a facility for minimum security inmates. Petition at 1.

---

[1] According to the Federal Bureau of Prisons website, petitioner is no longer incarcerated at either the FCI in Petersberg, Florida as noted by the SDNY Transfer Order or the Metropolitan Detention Center in Brooklyn, New York.

## DISCUSSION

The Judiciary Act of 1789, ch. 20, § 14, 1 Stat. 73, 81-82, conferred jurisdiction upon federal courts to issue writs of habeas corpus to prisoners in the custody of the United States. See McCleskey v. Zant, 499 U.S. 467, 477-78, 111 S.Ct. 1453, 1461 (1991). That grant of jurisdiction is presently codified at 28 U.S.C. § 2241 which permits federal courts to entertain habeas corpus petitions from federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." See Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001); Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). A petition filed under 28 U.S.C. § 2241 is the proper mechanism in which to challenge the conditions of confinement, see United States v. Huss, 520 F.2d 598, 603 (2d Cir. 1975) ("Certainly § 2241 habeas corpus is available to challenge a condition of custody") as long as the petitioner claims to be held "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3). See also Tejeda v. Reno, No. 00 Civ. 6338, 2000 WL 1280969, at *1 (S.D.N.Y. Sept. 11, 2000).

Here, petitioner's allegation that respondent failed to transfer him in retaliation for filing a lawsuit against respondent when he was incarcerated in another federal facility where respondent was the warden is belied by the fact that since he filed the instant petition, he has been transferred from MDC to FCI Petersberg and presently to FCI Jesup. Since petitioner seeks to "simply be transferred" and that has occurred, there does not appear to be a basis for the Court to inquire into the status of his detention at MDC or seek his release from MDC custody.[2]

---

[2] The Court declines to construe this action as filed under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971) since petitioner does not seek damages and he has not paid the filing fee or requested *in forma pauperis* (IFP) status pursuant to 28 U.S.C. § 1915(a). The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), amended the IFP statute to require the Court to collect the full filing fee from petitioner's prison account. 28 U.S.C. § 1915(a)(2), (B). In order to comply with the PLRA, a prisoner must submit with his complaint or petition, a signed Prisoner Authorization along with a completed IFP application. See Leonard v. Lacy, 88 F.3d 181, 186-88 (2d Cir. 1996).

## CONCLUSION

Accordingly, the petition brought under 28 U.S.C. § 2241 is denied. As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917 (1962). The Clerk of Court is directed to mail a copy of this Order to petitioner's address at FCI Jesup, Federal Correctional Institution, Federal Satellite Low, 2680 301 South, Jesup, GA 31599 and to close this case.

**SO ORDERED.**

s/BMC

U.S.D.J.

Dated: Brooklyn, New York
May 9, 2008